NICHOLAS H. JACKSON (SBN 269976)
nicholas.jackson@dentons.com
DENTONS US LLP
1900 K Street NW 9th Floor
Washington, DC 20006
Telephone: 202-496-7407
Facsimile: 202-496-7756

BETY JAVIDZAD (SBN 240598)
bety.javidzad@dentons.com
DENTONS US LLP
601 South Figueroa Street, Suite 2500
Los Angeles, CA 90017-5704
Telephone: 213-243-6115
Facsimile: 213-623-9924

*Counsel for Defendants*
*Next Level Ventures, LLC, and*
*Advanced Vapor Devices LLC*

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| **SHENZHEN SMOORE TECHNOLOGY CO., LTD.,** <br><br> Plaintiff, <br><br> vs. <br><br> **NEXT LEVEL VENTURES, LLC, and ADVANCED VAPOR DEVICES LLC** <br><br> Defendants. | No. 2:22-cv-07646-AB-AGR <br><br> **DEFENDANTS NLV'S NOTICE OF UNOPPOSED MOTION AND UNOPPOSED MOTION TO STAY** <br><br> Hearing Date: Dec. 16, 2022 <br> Hearing Time: 10:00 a.m. <br><br> Hon. André Birotte Jr. |

## NOTICE OF MOTION

PLEASE TAKE NOTICE that the following Motion to Stay is scheduled for hearing before the Honorable André Birotte Jr., on December 16, 2022, or as soon thereafter as is convenient for the Court, in Courtroom 7B, of the United States District Court for the Central District of California, located at 350 West 1st Street, Los Angeles, CA, 90012.

Defendants Next Level Ventures, LLC, and Advanced Vapor Devices LLC (collectively, "NLV") hereby move this Court for an order staying this case in its entirety until the conclusion of U.S. International Trade Commission Investigation No. 337-TA-1286, *In the Matter of Certain Oil-Vaping Cartridges, Components Thereof, and Products Containing the Same*, NLV's Unopposed Motion to Stay is based on this Notice, the supporting memorandum of points and authorities below, the materials attached hereto, the record in this matter, and other evidence or argument that may be presented before the Court in connection with this Motion.

This motion is made following the conference of counsel pursuant to L.R. 7-3, which took place on November 7, 2022. Counsel for Shenzhen Smoore Technology Co., Ltd., ("Smoore") has indicated that it does not oppose the Motion.

Dated: November 17, 2022      Respectfully Submitted,

DENTONS US LLP

*/s/Nicholas H. Jackson*
Nicholas H. Jackson (SBN 269976)
Bety Javidzad (SBN 240598)

*Counsel for Defendants Next Level Ventures, LLC, and Advanced Vapor Devices LLC*

- 1 -

# Table of Contents

I.      INTRODUCTION ..................................................................6

II.     BACKGROUND ...................................................................7

    A.      The Patents-at-Issue ..............................................8

III.    LEGAL STANDARDS AND ARGUMENT ...............................9

    A.      A Stay of Smoore's Claims on the Overlapping Patents is Mandatory ..................................................................9

    B.      This Court Should Exercise Its Discretion to Stay Smoore's Claims on the Non-Overlapping Patents ..........................................11

        1.      Smoore Would Not Suffer Any Harm From a Stay ....12

        2.      Denial of a Stay for the Non-Overlapping Patents Will Subject NLV to Hardship, Forcing it to Unnecessarily Undergo Duplicative Litigation Efforts.......................14

        3.      A Stay Will Promote Judicial Efficiency and Simplify the Issues in This Case................................17

IV.     CONCLUSION ............................................................19

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Aliphcom v. Fitbit, Inc.*,

    154 F. Supp. 3d 933 (N.D. Cal. 2015)...................................................................7

*Apple, Inc. v. Samsung Elecs. Co.*,

    678 F.3d 1314 (Fed. Cir. 2012) ..........................................................................13

*Ariz. Yage Assembly v. Barr*,

    2020 U.S. Dist. LEXIS 172836 (N.D. Cal. Sept. 21, 2020)................................6

*Arris Enterprises LLC v. Sony Corp.*,

    No. 17-CV-02669-BLF, 2017 WL 3283937 (N.D. Cal. Aug. 1, 2017)  …..14-18

*Arris Sols., Inc. v. Sony Interactive Ent. LLC*,

    No. 5:17-CV-01098-EJD, 2017 WL 4536415 (N.D. Cal. Oct. 10,

    2017) ...................................................................................................15, 18, 19

*Avago Techs. U.S. Inc. v. IPtronics, Inc.*,

    No. 5:10-cv-02863-EJD, 2013 WL 623042 (N.D. Cal. Feb. 15, 2013).10, 11, 17

*Certain Oil-Vaping Cartridges, Components Thereof, and Products

    Containing Same*, Inv. No. 337-1286, Notice of Institution (U.S.I.T.C.

    Nov. 4, 2021) (Ex. A) .......................................................................................6, 8

*Certain Oil-Vaping Cartridges, Components Thereof, and Products*

  *Containing Same*, Inv. No. 337-1286, Order No. 41 (U.S.I.T.C. Nov.

  2, 2022) (Ex. B) ................................................................................................6, 8

*CMAX, Inc. v. Hall*,

  300 F.2d 265 (9th Cir. 1962) ........................................................................11, 12

*FormFactor, Inc. v. Micronics Japan Co., Ltd.*,

  No. cv-06-07159 JSW, 2008 WL 361128 (N.D. Cal. Feb. 11, 2008).... 12, 15-17

*Ill. Tool Works, Inc. v. Grip-Pak, Inc.*,

  906 F.2d 679 (Fed. Cir. 1990) ...........................................................................14

*Landis v. N. Am. Co.*,

  299 U.S. 248 (1936).............................................................................................11

*Oakland Trib., Inc. v. Chron. Pub. Co.*,

  762 F.2d 1374 (9th Cir. 1985) ...........................................................................13

*Open Text, S.A. v. Box, Inc.*,

  36 F. Supp. 3d 885 (N.D. Cal. 2014)..................................................................13

*In re Princo Corp.*,

  486 F.3d 1365 (Fed. Cir. 2007) .........................................................................10

*QC Mfg., Inc. v. Solatube Int'l, Inc.*,

  No. SACV202208CJCJDEX, 2021 WL 4963380 (C.D. Cal. Sept. 10,

  2021)....................................................................................................................13

*Sorensen ex rel. Sorensen Research & Dev. Trust v. Black & Decker*

    *Corp.*, No. 06CV1572 BTM (CAB), 2007 WL 2696590 (S.D. Cal.

    Sept. 10, 2007) ............................................................. 12

*Verve, LLC v. Verifone, Inc.*,

    No. C04-03659JF, 2004 WL 2600452 (N.D. Cal. Nov. 15, 2004) .................... 10

**Statutes**

28 U.S.C. § 1659(a) ............................................................. 6, 7, 9, 10

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.     INTRODUCTION

Defendants Next Level Ventures, LLC, and Advanced Vapor Devices LLC (collectively, "NLV") request that this Court stay this case under 28 U.S.C. § 1659 and the Court's discretionary authority until the conclusion of co-pending U.S. International Trade Commission Investigation No. 337-1286.[1] This motion is unopposed.

Plaintiff Shenzhen Smoore Technology Co., Ltd. ("Smoore") filed this patent infringement action on October 19, 2022 against NLV. ITC Investigation No. 337-1286 ("The Investigation") is also currently pending between Smoore and NLV, among other respondents. The Investigation was instituted on November 4, 2021, *Certain Oil-Vaping Cartridges, Components Thereof, and Products Containing Same*, Inv. No. 337-1286, Notice of Institution (U.S.I.T.C. Nov. 4, 2021) (Ex. A), with a final decision due from the ITC on May 25, 2023. *Certain Oil-Vaping Cartridges, Components Thereof, and Products Containing Same*, Inv. No. 337-1286, Order No. 41 (U.S.I.T.C. Nov. 2, 2022) (Ex. B). In The Investigation, Smoore alleges that NLV infringes three utility patents, including two of the five patents at issue here. Ex. A at 1.

Given the mandatory stay provisions under 28 U.S.C. § 1659, this Court must stay Smoore's infringement claims with respect to the two patents asserted by Smoore

---

[1] By requesting this motion, NLV expressly reserves all defenses available to it including, but not limited to, challenges to venue, personal jurisdiction, invalidity, and infringement. *See Ariz. Yage Assembly v. Barr*, 2020 U.S. Dist. LEXIS 172836, at *44-45 (N.D. Cal. Sept. 21, 2020) (noting that a motion to stay is not a motion contemplated by Rule 12, and thus does not waive an objection to venue).

in the Investigation: U.S. Patent Nos. 10,791,762 ("'762 Patent") and 10,791,763 ("'763 Patent") (collectively, "the Overlapping Patents"). 28 U.S.C. § 1659(a). This Court should also stay this Case under its discretionary authority as to the non-overlapping patents: U.S. Patent Nos. D817,544 ("D544 Patent"), D823,534 ("D534 Patent"), and D853,635 ("D635 Patent") (collectively, "Non-Overlapping Patents"). *See Aliphcom v. Fitbit, Inc.*, 154 F. Supp. 3d 933, 937 (N.D. Cal. 2015) (noting that "even where . . . the district court and ITC actions do not involve precisely the same patents and same issues, Congress explicitly intended that district courts should consider using their discretionary power to stay patent infringement litigation that is related to, but not duplicative of, an action before the ITC." (internal quotations omitted)).

Furthermore, Smoore does not oppose the requested stay. Accordingly, a stay of this case in its entirety should be granted because: (1) Smoore will not suffer irreparable harm because Smoore is not entitled to injunctive relief for the Non-Overlapping Patents; (2) a stay will minimize the hardship on NLV and Smoore of litigating two cases in parallel; and (3) a stay will promote judicial efficiencies because The Investigation may simplify the issues in this case and preserve judicial and party resources.

## II.   BACKGROUND

On October 19, 2022, Smoore filed this suit against NLV, alleging infringement of five patents. ECF No. 1 at ¶1. Smoore previously sued NLV in the ITC on October

4, 2021, asserting the two utility patents asserted in this case,[2] and filed a Statement on Public Interest with its October 4 Complaint, in which it also discussed infringement of the design patents that are asserted in this litigation: the D544 Patent, D534 Patent, and D635 Patent. Ex. C at 6.

On November 4, 2021, the ITC instituted an investigation based on Smoore's Complaint. Ex. A. After thorough discovery, the ITC held an evidentiary hearing on August 1-5, 2022. Ex. D at 3. The Final Initial Determination from the ITC Administrative Law Judge is scheduled to be issued on January 25, 2023, with the final ITC decision due on May 25, 2023. Ex. B (Order No. 41).

With respect to this pending district court action, discovery has not yet begun. Neither party has served discovery requests or produced documents, and the initial case management conference has not been held. As a scheduling order has not yet issued, no deadlines have been set for claim construction, the close of fact and expert discovery, pretrial and dispositive motions, or trial.

## A.     The Patents-at-Issue

In this case, Smoore asserts infringement of five patents: the '762 Patent, the '763 Patent, the D544 Patent, the D534 Patent, and the D635 Patent. ECF No. 1 at ¶1. Before the ITC, Smoore asserts infringement against two of those patents: the '762 Patent and '763 Patent, a third Patent (U.S. Patent No. 10,357,623), and a registered Trademark (U.S. Federal Trademark Registration No. 5,633,060). Ex. C at ¶¶70-92; Ex.

---

[2] Smoore also refers to NLV as "AVD" in its Complaints.

E at ¶¶70-92. In The Investigation, Smoore also made a broad assertion of infringement for the D544 Patent, D534 Patent, and D635 Patent in its Statement on Public Interest. Ex. C at 6.

Apart from the Overlapping Patents, the patents asserted here and in The Investigation are related. All patents are directed towards the design and structure of electronic cigarettes and their atomizing assemblies. *See, e.g., id.* at ¶¶69-72; Ex. E at ¶¶69-72; ECF No. 1 at ¶¶9-20. There is common inventorship among the Overlapping Patents and the Non-Overlapping Patents. Ex. F; ECF No. 1-1 at 37, 54, 63, and 72. Further, in both this case and at the ITC, Smoore accuses the same NLV products of infringing all Overlapping and Non-Overlapping Patents. Ex. G; ECF No. 1 at ¶21.

## III.   LEGAL STANDARDS AND ARGUMENT

### A.   A Stay of Smoore's Claims on the Overlapping Patents is Mandatory

28 U.S.C. § 1659(a) sets forth the mandatory stay provisions that apply when a district court case and an ITC investigation proceed in parallel:

> In a civil action involving parties that are also parties to a proceeding before the United States International Trade Commission under section 337 of the Tariff Act of 1930, at the request of a party to the civil action that is also a respondent in the proceeding before the Commission, the district court shall stay, until the determination of the Commission becomes final, proceedings in the civil action

with respect to any claim that involves the same issues involved in the proceeding before the Commission, but only if such request is made within—

    (1)    30 days after the party is named as a respondent in the proceeding before the Commission, or

    ***(2)    30 days after the district court action is filed, whichever is later.***

(emphasis added); *see Avago Techs. U.S. Inc. v. IPtronics, Inc.*, No. 5:10-cv-02863-EJD, 2013 WL 623042, at *2 (N.D. Cal. Feb. 15, 2013) (granting mandatory stay as to patent asserted in parallel district court and ITC cases); *Verve, LLC v. Verifone, Inc.*, No. C04-03659JF, 2004 WL 2600452, at *1 (N.D. Cal. Nov. 15, 2004) (granting stay of patent infringement suit in district court pending resolution of related ITC case). "The purpose of § 1659(a) [is] to prevent infringement proceedings from occurring 'in two forums at the same time.'" *In re Princo Corp.*, 486 F.3d 1365, 1368 (Fed. Cir. 2007) (citation omitted).

        NLV is entitled to a mandatory stay of Smoore's infringement claims based on the overlapping patents because NLV is a named respondent in The investigation, and timely filed this motion within thirty days of this action being filed. Smoore asserts the same infringement claims with respect to the Overlapping Patents both here and at the ITC. Therefore, this litigation involves the same issues as The Investigation: invalidity and alleged infringement of the Overlapping Patents. Under 28 U.S.C. § 1659(a), the

Court must therefore stay this case as to the Overlapping Patents: the '762 Patent and '763 Patent.

**B.      This Court Should Exercise Its Discretion to Stay Smoore's Claims on the Non-Overlapping Patents**

District courts have inherent authority to manage their dockets, including the discretion to stay proceedings before them. *Avago*, 2013 WL 623042, at *2. "The power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936). In deciding whether to exercise discretionary power, courts consider three factors: (1) "the possible damage which may result from the granting of a stay;" (2) "the hardship or inequity which a party may suffer in being required to go forward;" and (3) "the orderly course of justice measured in terms of the simplifying or complicating of issues, proof, and questions of law which could be expected to result from a stay." *CMAX, Inc. v. Hall*, 300 F.2d 265, 268 (9th Cir. 1962) (citing *Landis*, 299 U.S. at 254-55). Courts in this district have exercised their discretionary power to "stay patent infringement litigation that is related to, but not duplicative of, an action before the ITC." *Avago*, 2013 WL 623042, at *2 (citing *Zenith Elecs. LLC v. Sony Corp.*, No. C 11-02439-WHA, 2011 WL 2982377, at *2 (N.D. Cal. July 22, 2011)). Here, these three factors weigh in favor of staying this case as to the Non-Overlapping Patents.

### 1. Smoore Would Not Suffer Any Harm From a Stay

The clearest evidence of lack of harm to Smoore by this stay is Smoore's stated non-opposition to the requested stay. Beyond Smoore's non-opposition to this stay, no harm would result from a stay because Smoore's recovery on the non-overlapping patents, if any, should be limited to monetary damages. A delay in the recovery of monetary damages does not justify denying a stay. *FormFactor, Inc. v. Micronics Japan Co., Ltd*., No. cv-06-07159 JSW, 2008 WL 361128, at *2 (N.D. Cal. Feb. 11, 2008) (citing *CMAX*, 300 F.2d at 268-69); *see Sorensen ex rel. Sorensen Research & Dev. Trust v. Black & Decker Corp*., No. 06CV1572 BTM (CAB), 2007 WL 2696590, at *4 (S.D. Cal. Sept. 10, 2007) (granting a stay and explaining that "[t]he general prejudice of having to wait for resolution is not a persuasive reason to deny the motion for stay" where Plaintiff's claims were "restricted to past monetary damages, which, with the addition of prejudgment interest, are fully capable of compensating Plaintiff").

### a. *Smoore's Delay Shows It Is Not Being Irreparably Harmed*

As to irreparable harm, Smoore fails to show any by its 13-month delay in asserting any of the Non-Overlapping Patents against NLV. Even though Smoore could have brought suit against NLV for the design patents at least as early as November 2021, when the Non-Overlapping Patents were identified in Smoore's Statement on the Public Interest presented to the ITC, (Ex. C at 6) Smoore did not assert these patents against NLV until October of 2022. "The most obvious indication that Plaintiff does not face

imminent, irreparable harm is its delay . . . . Courts routinely cite delay as evidence cutting against the imminence of the harm faced by the movant." *QC Mfg., Inc. v. Solatube Int'l, Inc*., No. SACV202208CJCJDEX, 2021 WL 4963380, at *3 (C.D. Cal. Sept. 10, 2021) (denying preliminary injunction, finding patentee failed to show irreparable harm where it delayed for eight months in seeking the injunction, and the accused infringer showed a substantial question of invalidity); *see also Oakland Trib., Inc. v. Chron. Pub. Co*., 762 F.2d 1374, 1377 (9th Cir. 1985) ("Plaintiff's long delay before seeking a preliminary injunction implies a lack of urgency and irreparable harm.").

      **b.**    ***NLV's Business Cannot Cause Smoore Irreparable Harm***

Smoore and NLV do not compete in a two-competitor market. *See, e.g.*, Ex. C at 11-14 (naming 38 respondents in the co-pending ITC investigation brought by Smoore). Indeed, Smoore sued 38 companies in The Investigation, (*id.*), which provides a reliable indication of market size and participants. The likelihood of irreparable harm is low in such a crowded market. *See Open Text, S.A. v. Box, Inc*., 36 F. Supp. 3d 885, 906 (N.D. Cal. 2014) (noting on a preliminary injunction motion, that "the potential harm…is probably at its greatest" in "a market where only two parties are directly competing").

The mere fact that Smoore and NLV may be competitors within the oil-vaping cartridge sales market cannot show that Smoore suffers irreparable harm as a result of NLV's business. The Federal Circuit has repeatedly held that competition is insufficient to show irreparable harm, and this conclusion is applicable here. *Apple, Inc. v. Samsung*

*Elecs. Co.*, 678 F.3d 1314, 1324-25 (Fed. Cir. 2012) (affirming in relevant part denial of preliminary injunction and noting that a showing that the patentee "might lose some insubstantial market share as a result of [the defendant's] infringement is not enough"); *Ill. Tool Works, Inc. v. Grip-Pak, Inc.*, 906 F.2d 679, 683 (Fed. Cir. 1990) (rejecting argument that "potential lost sales" alone always demonstrates "manifest irreparable harm") (internal quotations omitted).

> ### 2. Denial of a Stay for the Non-Overlapping Patents Will Subject NLV to Hardship, Forcing it to Unnecessarily Undergo Duplicative Litigation Efforts

Because the overlapping and non-overlapping patents are directed to the same technology, share named inventors, and are asserted against the same NLV products, staying this case as to all Asserted Patents would reduce unnecessary and duplicative discovery. To do otherwise would result in additional burden on NLV. The court in *Arris Enterprises* found the same to be true in a case where the patentee sued the defendant in district court on the same patents and accused products in a parallel ITC investigation, in addition to another patent not asserted in the ITC. *Arris Enterprises LLC v. Sony Corp.*, No. 17-CV-02669-BLF, 2017 WL 3283937, at *2-4 (N.D. Cal. Aug. 1, 2017). In conjunction with the § 1659 stay, the court also granted a discretionary stay as to the additional patent not asserted in the ITC, finding that "[f]orcing the parties to litigate the non-overlapping patent in the present case would create additional discovery

that goes beyond the mere effort of defending a lawsuit, and would prejudice [defendants]." *Id*. at *3.

Allowing this case to continue on the Non-Overlapping Patents would result in essentially two separate actions with overlapping and duplicative discovery. For example, all Non-Overlapping Patents and one of the Overlapping Patents ('763 Patent) share a common inventor. Proceeding in this action on the non-overlapping patents would mean that the common inventor could be deposed twice in this district court case.

Courts faced with similar situations have found the potential for duplicative discovery to weigh in favor of a stay, because of the resulting hardships that come with it: "[w]ithout a stay, the parties would have to conduct multiple depositions of the same witness because of the inventors' ability to speak only to the non-overlapping patents while the overlapping patents are stayed." *FormFactor*, 2008 WL 361128, *2; *see also Arris Enterprises LLC*, 2017 WL 3283937 at *3 ("[o]ne example of potential overlapping discovery is the depositions of witnesses who are knowledgeable on the accused products and at least one overlapping inventor between the non-overlapping patent and those asserted in the ITC. Without a stay, the parties would have to conduct multiple depositions of the same witnesses because of their ability to speak only to the non-overlapping patent while the overlapping patents are stayed."); *Arris Sols., Inc. v. Sony Interactive Ent. LLC,* No. 5:17-CV-01098-EJD, 2017 WL 4536415, at *2 (N.D. Cal. Oct. 10, 2017) (finding the second *Landis* factor in favor of a stay because of the "strong potential for duplicative discovery given the overlapping technology covered

by the patents-in-suit, as well as the fact that witnesses common to both actions, such as inventors, would need to be deposed twice.").

In *FormFactor*, the court found that where the patented technologies and accused products were "similar" across parallel ITC and district court proceedings, there was a risk of duplicative litigation efforts that weighed in favor of a stay. *FormFactor*, 2008 WL 361128, at *2 ("The Court finds there will also be significant overlap in discovery because of the similar technology and products asserted in the patents in both the ITC proceeding and the present proceeding."); *see also Arris Enterprises*, 2017 WL 3283937 at *3 ("There will also be significant overlap in discovery in other respects because of the similar technology and products asserted in both the ITC proceeding and the instant action.").

The same is true here. As explained previously, the technology covered by the non-overlapping patents in this litigation is related to the technology addressed in The Investigation. Both proceedings are litigating electronic vaping devices and their atomizing assemblies. Furthermore, the accused products in this litigation and The Investigation are also identical. Ex. G; ECF No. 1 at ¶21. Given the same technologies and products are at issue, conducting both litigations in parallel is likely to result in a duplication of litigation efforts including discovery, and, thus, lead to hardship on NLV. *See Arris Enterprises*, 2017 WL 3283937 at *3 ("recognizing the potential burden for both parties stemming for [sic] duplicative efforts, the Court finds that the potential hardship from denying the stay weighs in favor of granting it.").

1    Accordingly, this factor—imposing hardship on NLV—weighs in favor of

2    staying the entire case.

3         **3.    A Stay Will Promote Judicial Efficiency and Simplify the**

4              **Issues in This Case**

5    A stay will promote judicial economy by conserving the Court's and the parties'

6    resources, and simplifying the issues in this case. Allowing the case on the Non-

7    Overlapping Patents to proceed while the case on the Overlapping Patents is stayed will

8    result in two separate actions, each with its own separate schedule containing different

9    deadlines for discovery, expert reports, a *Markman* hearing, and trial. When faced with

10   overlapping and non-overlapping patents running on two separate tracks, the court in

11   *Avago*, found that judicial economy weighed in favor of a stay because "[a] dual

12   schedule . . . may require duplicative discovery, two rounds of expert reports, two

13   rounds of dispositive motions, and ultimately, two trials." *Avago*, 2013 WL 623042, at

14   *3.

15   The same was true in *FormFactor*, where the court stayed the entire case and

16   noted that the case would be simplified because the overlapping and non-overlapping

17   patents covered the same technology and subject matter. There, the court explained "the

18   ITC's interpretation of the overlapping patents and the additional patents before it could

19   inform this Court about the claims relating to the non-overlapping patents and also

20   narrow the issues in this matter." *FormFactor*, 2008 WL 361128, at *3.

21

Similarly, in *Arris Enterprises*, the court found that "the third factor weighs strongly in favor of granting the stay", where "the ITC Action and this case still share many similarities and involve the same accused products." *Arris Enterprises,* 2017 WL 3283937, at *4. The court further opined, "having this case proceed on two different schedules also does not serve the interest of judicial economy. Moreover, the impact on this Court would be significant—absent a stay, the Court would be compelled to empanel two juries and conduct pretrial proceedings in separate sequence." *Id.* The same rationale also applies here.

The similarities among the patents asserted here and at the ITC suggest the resolution of The Investigation will simplify the issues in this case. Identical subject matter and technologies are covered among the Overlapping and Non-Overlapping Patents; the common inventorship among the Overlapping and Non-Overlapping Patents; and the same NLV products accused of infringement suggest the Court will benefit from The Investigation. Faced with a similar situation, the court in *Arris Sols.* reached the same conclusion:

> The prospect of proceeding on half of this case now while the other half is abated is not one any court would deem efficient, or one any party to litigation should embrace. One patent infringement case is complex enough, but creating two cases out of one, each with separate discovery deadlines, claim construction hearings, dispositive motions, and trials,

is unnecessarily burdensome and an unwise allocation of judicial resources. Moreover, the substantial similarities between the patents means the proceedings before the ITC will undoubtedly and valuably inform the parties and the court once they conclude. This factor, therefore, weighs strongly in favor of a stay.

*Arris Sols.*, 2017 WL 4536415, at *2.

For the same reasons, this Court should find that the third *Landis* factor weighs in favor of staying the entire case.

## IV.   CONCLUSION

In view of the mandatory stay of Smoore's infringement claims on the '762 and '763 Patents, a discretionary stay is warranted as to Smoore's infringement claims on the D544, D534, and D635 Patents. Staying the proceedings will (1) not harm Smoore, (2) minimize any hardship on NLV, and (3) preserve judicial economy. Further, Smoore does not oppose the requested stay. For these reasons, NLV respectfully requests that the Court stay this entire case until the conclusion of The Investigation.

Dated: November 17, 2022          DENTONS US LLP

By: */s/Nicholas H. Jackson*
Nicholas H. Jackson
Bety Javidzad

*Counsel for Defendants*
*Next Level Ventures, LLC, and*
*Advanced Vapor Devices LLC*

- 19 -

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing **DEFENDANTS NLV'S NOTICE OF UNOPPOSED MOTION AND UNOPPOSED MOTION TO STAY** was filed electronically, and pursuant to Civil L.R. 5-3.2, was served on all interested parties in this action (i.e., served to registered ECF recipients via ECF electronic service) on November 17, 2022.


/s/ Nicholas H. Jackson
Nicholas H. Jackson