Theodore W. Chandler (Bar No. 219456)
    <ted.chandler@bakerbotts.com>
BAKER BOTTS L.L.P.
1801 Century Park East, Suite 2400
Los Angeles, California  90067
Telephone:  (213) 202-5702

Robert L. Maier (*pro hac vice*)
    <robert.maier@bakerbotts.com>
Kiyotoki "Thomas" Natsume (*pro hac vice*)
    <thomas.natsume@bakerbotts.com>
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, New York 10112
Telephone:  (212) 408-2500

Chao "Wendy" Wang (Bar. No. 289325)
    <wendy.wang@bakerbotts.com>
BAKER BOTTS L.L.P.
1001 Page Mill Road, Building One, Ste 200
Palo Alto, California 94303
Telephone:  (650) 739-7514

*Attorneys for Plaintiff and Counterclaim Defendant*
*Shenzhen Smoore Technology Co., Ltd.*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
## WESTERN DIVISION

| | |
|---|---|
| Shenzhen Smoore Technology Co., Ltd., | Case No. 2:22-cv-07646-AB-AGR |
| *Plaintiff and Counterclaim Defendant,* | **PROTECTIVE ORDER** |
| vs. | NOTE CHANGES MADE BY COURT |
| Next Level Ventures, LLC *et al.*, | |
| *Defendants and Counterclaimant Plaintiffs.* | |

IT IS HEREBY STIPULATED AND AGREED, pursuant to Rule 26(c) of the Federal Rules of Civil Procedure and subject to approval of the Court, by (i) Shenzhen Smoore Technology, Ltd. ("Smoore" or "Plaintiff") and (ii) Next Level Ventures, LLC, currently doing business as ACTIVE, ("NLV" or "Defendant"), (collectively "Parties"), and their respective undersigned counsel that this Stipulation and Order shall govern the treatment of confidential, proprietary, privileged, private, or otherwise non-public information in the above-captioned action ("Action").

Accordingly, based upon the agreement of the Parties, IT IS HEREBY ORDERED pursuant to Rule 26(c) of the Federal Rules of Civil Procedure that the following provisions shall govern the conduct of discovery further proceedings in this Action:

### Purposes and Limitations

1.    Discovery in this Action is likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. Accordingly, the Parties hereby stipulate to and petition the Court to enter the following stipulated Protective Order (this "Order"). The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items entitled to confidential treatment under applicable legal principles. The Parties further acknowledge, as set forth in paragraph 29 below, that this Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the procedures that must be followed and the standards that will be applied when a party seeks permission from the court to file material under seal.

### Good Cause Statement

2.    This Action is likely to involve confidential technical information, trade secrets, customer and pricing lists and other valuable research, development, commercial, financial, technical and/or proprietary information for which special

protection from public disclosure and from use for any purpose other than prosecution of this Action is warranted. Such confidential and proprietary materials and information consist of, among other things, confidential technical, business or financial information, information regarding confidential business practices, or other confidential research, development, or commercial information (including information implicating privacy rights of third parties), information otherwise generally unavailable to the public, or which may be privileged or otherwise protected from disclosure.  Accordingly, to expedite the flow of information, to facilitate the prompt resolution of disputes over confidentiality of discovery materials, to adequately protect information the Parties are entitled to keep confidential, to ensure that the Parties are permitted reasonable necessary uses of such material in preparation for and in the conduct of trial, to address their handling at the end of the litigation, and serve the ends of justice, a protective order for such information is justified in this matter. It is the intent of the Parties that information will not be designated as confidential for tactical reasons and that nothing be so designated without a good faith belief that it has been maintained in a confidential, non-public manner, and there is good cause why it should not be part of the public record of this case.

## **Definitions**

3.    The term "Designated Material" shall include any materials designated as CONFIDENTIAL and "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Order.

4.    "CONFIDENTIAL" information means Designated Material designated in accordance with paragraph 8.

5.    "HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY" information means Designated Material designated in accordance with paragraph 9.

6.    The term "Qualified Person" shall mean the following persons:

(a)    Court and any Court personnel involved with this Action;

(b)    Plaintiff's outside counsel in this Action, their legal assistants, and members of their support staffs;

(c)    Defendant's outside counsel in this Action, their legal assistants, and members of their support staffs;

(d)    Any independent expert or consultant who is retained by counsel solely for the purpose of assisting in this Action, subject to the provisions of paragraph 17 (identification of expert or consultant);

(e)    independent litigation support services, including translators and interpreters, persons working for or as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with this Action, and under confidentiality obligations consistent with this Order;

(f)    Two designated in-house legal personnel for the receiving party and for each designated in-house legal personnel, one support personnel (e.g., secretary, clerical, or paralegal).

(g)    Any other person who is designated as a Qualified Person by order of the Court or by written agreement of the Parties.

## Previously Produced Material

7.    The Parties agree that any materials produced by the Parties and designated as Confidential Business Information ("CBI") in *In the Matter of Certain Oil-Vaping Cartridges, Components Thereof, and Products Containing the Same*, Inv. No. 337-TA-1286 before the United States International Trade Commission ("ITC Matter") shall be treated as HIGHLY CONFIDENTIAL – ATTORNEY'S EYES ONLY materials under this Order, as if such materials were first produced under this Order, without the need to re-stamp and re-produce such materials. This Order does not apply to materials produced in the ITC Matter by parties other than the Parties in this Action, for which any protective order in the ITC Matter shall continue to govern.

## Use of Designated Material

8.    A producing party may designate any material "CONFIDENTIAL" for protection under this Order where that material constitutes or discloses "CONFIDENTIAL" information.  "CONFIDENTIAL" information, as used herein,

comprises information that the producing party in good faith contends to constitute or contain information that is (a) confidential, sensitive, competitive, or potentially invasive of an individual's privacy interests; (b) not generally known in the context or form as known by the producing party; (c) not normally revealed to the public or third parties or, if disclosed to third parties, is such that the producing party would require such third parties to maintain the information in confidence; and (d) information (regardless of how generated, stored, or maintained) or tangible things that qualify for protection under standards developed under Fed. R. Civ. P. 26(c). "CONFIDENTIAL" information includes, but is not limited to, confidential research, development, technical, commercial, or financial information, as well as other such information that the requesting party and non-parties would not have access to but for this litigation. Access to any "CONFIDENTIAL" information shall be limited to Qualified Persons as described in paragraph 6.

9.     A producing party may designate any material "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" for protection under this Order where the producing party believes in good faith that the material constitutes or discloses highly sensitive business information or items, which the unrestricted disclosure to a requesting party or a receiving party would create a substantial risk of harm, including, but not limited to, the producing party's commercial products and licensing agreements. As used herein, "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information and items shall include at least:  (a) highly sensitive information relating to the development of electronic vaporizers, packaging systems or components or consumables thereof; (b) financial or business reports and forecasts including plans, strategies, market analyses, costs, and pricing information; (c) customer information, including customer-identifying information, and purchasing information; (d) sensitive licensing agreements, service agreements, supply agreements, or other business agreements; and (e) draft, pending, or abandoned patent, trademark, and copyright applications, foreign or domestic, unless published or otherwise publicly available. Access to "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY"

information and items shall be limited strictly to the subcategories of Qualified Persons in paragraphs 6(a)-6(e) and 6(g).

10.    Designated Material will be used solely for the purpose of prosecuting, defending, or settling this Action, including any appeal and retrial, and will not be used for any other purposes, without consent of the producing party or order of this Court.

11.    Nothing in this Order shall prevent any person, including a Qualified Person, from making use of any information that is designated as Designated Material if such information:

(a)    Was lawfully in his or her possession prior to receipt under the provisions of this Order;

(b)    Was or becomes available to the public through no fault of a receiving party;

(c)    Was or is obtained from a source not under an obligation of secrecy to the designating party; or

(d)    Is exempted from the operation of this Order by written consent of the designating party.

12.    If any person disputes or challenges the designation of any information as Designated Material based on any ground, such information shall nevertheless be treated according to its specific designation as Designated Material ("CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY") in accordance with the provisions of this Order until such designation is removed by order of the Court or by written consent of or re-designation by the designating party.

**Disclosure of Designated Material**

13.    Any use of Designated Material at trial shall be governed by the orders of the trial judge.  This Order does not govern the use of Designated Material at trial.  In the context of motions or court proceedings that are more than tangentially related to the merits of this case, the court applies a compelling reasons standard.  *See Ctr. for Auto Safety v. Chrysler Grp., LLC*, 809 F.3d 1092, 1101-02 (9th Cir. 2016).  Otherwise,

Designated Material is disclosed as provided in Paragraphs 6, 8, 9, 14, 15, and 16. ~~Designated Material shall not be revealed, disclosed, described, summarized, communicated, or otherwise made known to any person or entity, directly or indirectly, other than a Qualified Person subject to this Order, and in accordance with the designation (for avoidance of doubt, in the case of "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" information, such Qualified Person are only the persons identified in paragraph 9 of this Order), or the party who produced such Designated Material, except as otherwise provided in this Order.~~

14.    A document that contains or reveals Designated Material may be shown to any person who authored or previously had access to, or knowledge of, the document, as demonstrated by the document itself or by foundation testimony during a deposition, hearing, or trial.

15.    Designated Material may be disclosed to a witness testifying under oath if the witness is an officer, director, employee, consultant, designated 30(b)(6) witness, expert or representative of the party who produced such Designated Material.

16.    Nothing in this Order shall prevent the disclosure of Designated Material, if the producing party consents to such disclosure, or if the Court—after notice to all parties—orders such disclosure.

17.    Counsel desiring to disclose Designated Material to an individual according to paragraph 6(d) (experts or consultants), or any other person according to paragraph 6(g) (other Qualified Persons) shall first obtain a signed declaration in the form shown in attached Exhibit A from that person.  For independent experts or consultants encompassed by paragraph 6(d), counsel shall serve on every other party, such Qualified Person's signed Exhibit A and curriculum vitae or resume, by facsimile or electronic mail, at least seven (7) days in advance of the proposed disclosure of any Designated Material to that person.  The identification of an independent expert or consultant under paragraph 6(d) shall include the full name and professional address and/or affiliation of the proposed independent expert or consultant, his or her up-to-date curriculum vitae, any prior or current employments or consultancies for any party within

the last five years (except those engagements that are protected from disclosure pursuant to Fed. R. Civ. P. 26 or a court order), including a list of the cases in which the expert or consultant has testified at deposition, at a hearing, or at trial within the last five years. A party ("objecting party") may object, for cause, to the proposed disclosure by serving a written objection within seven (7) days after receiving the copy of the signed declaration. A party's failure to timely object shall waive their right to object, or any objection they may otherwise have. If a party objects to the proposed disclosure, the objecting party's Designated Material shall not be disclosed to such person except by order of the Court upon motion of the disclosing party or by written consent of the objecting party. In the event that a party seeking disclosure files such a motion with the Court, the objecting party shall have the burden of proving that the sought disclosure should not be made.

18. If a party intends to reveal another party's Designated Material during a ~~trial,~~ court appearance or hearing open to the public, the party intending to reveal such Designated Material shall provide reasonable advance notice, but not less than 7 days, and opportunity to object to the producing party, unless prior consent is obtained from the producing party.

19. Should any Designated Material be disclosed inadvertently to any person not duly authorized to receive such information under this Order, then the party responsible for such disclosure shall promptly notify counsel for the producing party of all pertinent facts, and make every effort to prevent further unauthorized disclosure, including retrieving all copies of the Designated Material from the unauthorized recipient(s) thereof, and requesting that each such recipient execute the declaration attached as Exhibit A.

**Identification and Marking of Designated Material**

20. Any document or other tangible thing that contains or reveals Designated Material shall be labeled "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or a marking of like import, in accordance with paragraphs 8 and 9 of this Order. For documents, each page that contains Designated

Material shall bear the appropriate confidentiality designation label. For documents produced in native, electronic format, the document file name shall include an appropriate confidentiality designation. Any document or other tangible thing so labeled and the information that it contains or reveals shall be treated in accordance with applicable provisions of this Order. Any Designated Material not reduced to documentary or physical form, or which cannot be conveniently labeled, shall be so designated by a party by serving a written notification on the receiving party, with the production/disclosure.

21. When a party initially produces documents for inspection, no marking need be made by the producing party in advance of the inspection. For purposes of the inspection, all documents shall be treated as containing Designated Material. After the receiving party selects specified documents for copying, the producing party shall appropriately mark the copies of the selected documents before they are provided to the receiving party.

22. Only Qualified Persons, the deponent, the court reporter and videographer shall be allowed to attend any portion of a deposition in which Designated Material is used or elicited from the deponent. The deposition of any witness (or any portion of such deposition) that encompasses "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" or "CONFIDENTIAL" information shall be taken only in the presence of persons who are qualified to have access to such information.

23. ~~Subject to the Court's procedures on the sealing and redaction of hearing transcripts,~~ Parties may, at the deposition ~~or hearing,~~ or within thirty (14) days after receipt of a deposition ~~or hearing~~ transcript, designate the deposition or hearing transcript or any portion thereof, including exhibits, as "CONFIDENTIAL," or "HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY" pursuant to this Order. Access to such a designated deposition or hearing transcript shall be limited in accordance with the terms of this Order. For undesignated transcripts, the entire deposition ~~or hearing~~ transcript shall be treated as "HIGHLY CONFIDENTIAL –

ATTORNEYS' EYES ONLY" until expiration of the 14-day period, absent other agreement by the Parties, or a court order stating otherwise.

24.     A non-party to this Action (e.g., a third party producing information pursuant to subpoena) may designate such information as Designated Material as set forth in paragraphs 8 ("CONFIDENTIAL") and 9 ("HIGHLY CONFIDENTIAL – ATTORNEYS' EYES ONLY").  Such Designated Material shall be subject to the same restrictions and conditions as the Parties' Designated Material.  Nothing in this provision shall limit the ability of a party to designate such information produced by a third party as Designated Material.

### Inadvertent Failure to Designate

25.     A producing party's inadvertent failure to designate specific documents or materials as containing Designated Material shall not be deemed a waiver, in whole or in part, of a claim of confidentiality as to such documents or materials.  A producing party seeking to designate such documents or materials may do so by giving written notice to the receiving party.  Upon notice to the receiving party of such failure to designate, the receiving party shall cooperate to restore the confidentiality of the inadvertently undesignated information.  No showing of error, inadvertence, or excusable neglect shall be required for re-designation.

### Storage of Designated Material

26.     Any receiving party (other than the Court or its personnel) of Designated Material shall maintain such information in a reasonably secure and safe manner that limits access only to those persons authorized under this Order, and shall further exercise the same standard of due and proper care with respect to the storage, custody, use, and/or dissemination of such information as is exercised by the recipient with respect to its own proprietary information.

### Production of Privileged or Protected Documents

27.     Pursuant to Federal Rule of Evidence 502(d) and (e), the inadvertent production of any communication or information covered by the attorney-client privilege or work product protection is not a waiver in this Action or in any other federal

or state action.  Further, documents or materials that are thereafter claimed to be subject to the attorney-client privilege, work-product immunity, or other rule or statute, shall not constitute a waiver of such privilege, immunity, or other protection in this Action, or any other action.   After receiving written notice from the producing party that documents or materials subject to the attorney-client privilege, work-product immunity, or other protection have been produced, the receiving party shall not review, copy, or otherwise disseminate the documents or materials, or disclose their substance.   In addition, the receiving party shall return such documents or materials, and all copies thereof within five (5) days from receiving notice, or provide written confirmation of the destruction of the original and all copies of the identified documents, including all documents and things generated by a receiving party which documents and things contain information derived from the returned/destroyed materials.  The receiving party shall not utilize the information contained in the returned/destroyed documents or materials for any purpose, or disseminate or transmit such information.

(a)    If the receiving party wishes to contest that any such document or thing is protected by the attorney-client privilege, work-product immunity, or other protection by rule or statute, the receiving party shall so notify the producing party in writing when the document or thing is returned to the producing party ("Notice Contesting Designation").

(b)    Within five (5) days of receiving a Notice Contesting Designation, the producing party shall provide the basis for the claim of privilege, immunity, or other protection to the receiving party, for each such document or thing ("Basis of Designation").

(c)    Within ten (10) days after receiving a Basis of Designation, the receiving party may seek to compel production of such documents and things, that are still in dispute, by filing a motion to compel with the court.  In any such motion to compel, the receiving party shall not rely upon, or assert as a ground for ordering production, the fact, circumstances, or contents of the disputed production.  Any such

motion ~~shall be~~ may be accompanied by an application to file under seal under Local Rule 79-5.

(d)    The Parties may stipulate to extend the time periods set forth in (b) and (c) above.

(e)    Nothing in this Order overrides any attorney's ethical responsibilities to refrain from examining or disclosing materials that the attorney knows or reasonably should know to be privileged, and to inform the disclosing party that such materials have been produced.

(f)    Upon a motion to compel, filed pursuant to (c) above, the inadvertently disclosing party has the burden of establishing the privileged or protected nature of the information in question.

(g)    Nothing in this Order limits the right of any party to petition the Court for an in camera review.

(h)    This Order does not preclude a party from voluntarily waiving the attorney-client privilege or work product protection.  The provisions of Federal Rule of Evidence 502(a) apply when the disclosing party uses or indicates that it may use information produced under this Order to support a claim or defense.

~~(i)    Under this Order, the provisions of Federal Rule of Evidence 502(b) are inapplicable.~~

**Challenges to Designated Material Designation**

28.    A party shall not be obligated to challenge the propriety of a Designated Material designation at the time of the designated material's production, and a failure to so challenge shall not preclude a subsequent challenge thereto, consistent with any applicable Court scheduling order(s).  In the event that a party disagrees ~~at any time~~ with a Designated Material designation made by another party, the Parties shall make a good-faith attempt to resolve the dispute on an informal basis.  If the Parties cannot resolve the dispute, the objecting party may seek appropriate relief from the Court consistent with the discovery dispute resolution procedures of the Court and any scheduling order, and the designating party shall have the burden of proving that its

11

Designated Material designation is proper.  Frivolous challenges, and those made for an improper purpose (e.g., to harass or impose unnecessary expenses and burdens on other parties) may expose the challenging party to sanctions.

**Filing of Designated Material**

29.    A Party that seeks to file under seal any Designated Material must comply with Civil Local Rule 79-5. Protected Material may only be filed under seal pursuant to a court order authorizing the sealing of the specific Protected Material at issue. If a Party's request to file Protected Material under seal is denied by the court, then the receiving party may file the information in the public record unless otherwise instructed by the court.

30.    Nothing in this Order shall prevent a party from using any document, material or other information that is designated as Designated Material under this Order at a hearing, trial or other court proceeding in this Action, ~~provided such use is otherwise consistent with the terms of this Order~~.

**Advice to Clients**

31.    Nothing in this Order shall bar or otherwise restrict an attorney subject to this Order from rendering advice to his or her client with respect to this Action and, in the course thereof, referring to, or relying upon, his or her examination of Designated Material.  In rendering such advice and in otherwise communicating with his or her client, the attorney shall not disclose any Designated Material if such disclosure would be contrary to the provisions of this Order.

**Miscellaneous**

32.    No party shall be responsible to another party for any use made of information that was produced and not designated as Designated Material.

33.    Documents and things produced or made available for inspection may be subject to redaction, in good faith, by the producing party, of information subject to the attorney-client privilege or work product immunity.  Any such redaction shall be clearly labeled.

34.     No party needs to log relevant and responsive Privileged Material generated on or after October 4, 2021 in a privilege log.

35.     Within ninety (90) days after the final termination of this Action (including any appeals), each document and tangible thing that contains Designated Material, including copies, abstracts, summaries, notes, or other records regarding the contents of any Designated Material shall either be (a) returned to the attorney of record for the producing party or (b) destroyed with a representation of such destruction being made to the attorney of record for the producing party, and the receiving party shall provide a written certification to the producing party for such return or destruction.

36.     Within ninety (90) days of withdrawal or termination of any counsel to this Action, said counsel shall likewise return or destroy each document and tangible thing in their possession that contains or reveals Designated Material, and any copies, abstracts, summaries, notes, or other records regarding the contents of any Designated Material.

37.     Notwithstanding the foregoing, outside counsel and in-house legal representatives may retain the following, to the extent such counsel and legal representatives are otherwise entitled to access Designated Materials therein:  each paper filed with the Court together with any exhibits thereto, each deposition transcript together with the exhibits marked at the deposition, each expert report together with any exhibits thereto, all written discovery and responses thereto, each demonstrative used at trial or any other hearing, each trial or hearing transcript, each exhibit used at trial, each item of correspondence related to this Action, and all drafts, memoranda, and other documents constituting work product that include Designated Material, so long as the terms of this Order will continue to govern any such retained materials.  In the event that outside counsel and in-house legal representatives maintain such documents, and the documents have not become public through the trial or other court hearing, they shall not disclose material containing any Designated Material to another party or third party absent subpoena or court order.  Outside counsel and in-house legal representatives likewise need not purge their email, document management systems, or

back-up storage media, provided, however, that such Designated Material shall remain subject to this Order. No person or receiving party is obligated to return or destroy Designated Material contained on electronic backup back-up tapes or other archival media, which should be treated in accordance with standard retention policies. However, to the extent that any material is accessed from back-up storage media, information protected by data privacy obligations shall be destroyed or returned and legal hold obligations shall be periodically reviewed for necessity and proportionality and information protected by data privacy obligations shall not be retained in perpetuity.

      38.    The provisions of this Order shall survive and remain in full force and effect after the termination of this Action (as well as any appeals) until a designating party agrees otherwise in writing or a court order otherwise directs.

      39.    This Order may be amended by Order of the Court, including by stipulation of the parties and proposed order thereon.

Dated: November 19, 2024

By: */s/ Ted Chandler*

Theodore W. Chandler (Bar No. 219456)
    &lt;ted.chandler@bakerbotts.com&gt;
BAKER BOTTS L.L.P.
1801 Century Park East, Suite 2400
Los Angeles, California  90067
Telephone:    (213) 202-5702
Facsimile:    (213) 202-5732

Robert L. Maier (*pro hac vice*)
    &lt;robert.maier@bakerbotts.com&gt;
Thomas Natsume (*pro hac vice*)
    &lt;thomas.natsume@bakerbotts.com&gt;
BAKER BOTTS L.L.P.
30 Rockefeller Plaza
New York, New York  10112
Telephone:    (212) 408-2500
Facsimile:    (212) 408-2501

&lt;dlbbsmoorecdca@BakerBotts.com&gt;

Chao "Wendy" Wang (Bar. No. 289325)
    &lt;wendy.wang@bakerbotts.com&gt;
BAKER BOTTS L.L.P.
1001 Page Mill Road, Building One, Ste 200
Palo Alto, California 94303
Telephone:  (650) 739-7514
Facsimile:    (650) 739-7614

*Attorneys for Plaintiff and Counterclaim Defendant Shenzhen Smoore Technology Co., Ltd.*

By: */s/ Nah Eun Kim*

Kristin S. Webb (Bar No. 258476)
    &lt;Kristin.Webb@bclplaw.com&gt;
BRYAN CAVE LEIGHTON PAISNER LLP
1920 Main Street, Suite 1000
Irvine, California  92614
Telephone:    (949) 223-7000
Facsimile:    (949) 223-7100

R. Tyler Goodwyn IV (*pro hac vice*)
    &lt;Tyler.Goodwyn@bclplaw.com&gt;
Scott W. Cummings (*pro hac vice*)
    &lt;Scott.Cummings@bclplaw.com&gt;
Charles E. Tompkins (*pro hac vice*)
    &lt;Charles.Tompkins@bclplaw.com&gt;
BRYAN CAVE LEIGHTON PAISNER LLP
1155 F Street, NW
Washington, D.C.  20004
Telephone:    (202) 508-6015
Facsimile:    (202) 508-6200

Evan Boyle (*pro hac vice*)
    &lt;Evan.Boyle@bclplaw.com&gt;
BRYAN CAVE LEIGHTON PAISNER LLP
161 N Clark St #4300
Chicago, IL 60601
Telephone:    (312) 602-5000
Facsimile:    (312) 602-5050

Nah Eun Kim (*pro hac vice*)
    &lt;Ana.Kim@bclplaw.com&gt;
1201 W. Peachtree St., NW
Atlanta, Georgia 30309
Telephone:    (404) 572-6645
Facsimile:    (404) 572-6999

*Attorneys for Defendants and Counterclaim Plaintiffs Next Level Ventures, LLC et al. and A&A Global Imports*

**FOR GOOD CAUSE SHOWN, IT IS SO ORDERED.**

Dated:  November 25, 2024

_____
Hon. Alicia G. Rosenberg
United States Magistrate Judge

# EXHIBIT A

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

Shenzhen Smoore Technology Co., Ltd.,
*Plaintiff and Counterclaim Defendant*,

vs.

Next Level Ventures, LLC et al.,
*Defendants and Counterclaimant Plaintiffs*.

Case No. 2:22-cv-07646-AB-AGR

## AGREEMENT TO BE BOUND

I, _____, declare and state under penalty of perjury that:

1.     My address is _____.

2.     My present employer is _____, located at _____.

3.     My present occupation or job description is _____.

4.     I have read in its entirety and understand the Stipulated Protective Order that was issued by the United States District Court for the Central District of California on [date] in the above-captioned case. I agree to comply with and to be bound by all the terms of this Stipulated Protective Order and I understand and acknowledge that failure to so comply could expose me to sanctions and punishment in the nature of contempt, and may be subject to other remedies that may be imposed by the Court and potentially liable in a civil action for damages.

5.     I solemnly promise that I will not disclose in any manner any information or item that is subject to this Stipulated Protective Order to any person or entity except in strict compliance with the provisions of this Order.

6.     At the termination of this Action or any time requested by counsel for the party by whom I am employed, I will return each document and tangible thing that

discloses or reveals any Designated Material to the attorney who provided such document or other tangible thing to me. Moreover, I will deliver any copies, abstracts, summaries, notes, or other records regarding the contents of any Designated Material to the attorney who provided such Designated Material to me.

7.    I further agree to submit to the jurisdiction of the United States District Court for the Central District of California for the purpose of enforcing the terms of this Stipulated Protective Order, even if such enforcement proceedings occur after termination of this Action. I hereby appoint            [print or type full name] of [print or type full address and telephone number] as my California agent for service of process in connection with this Action or any proceedings related to enforcement of this Stipulated Protective Order.

I declare under penalty of perjury of the laws of the United States that the foregoing is true and correct.

Date: _

City and State where sworn and signed: ____

Printed name: ____

Signature: __